IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN JACKSON, :
 :
    Petitioner :
 : CIVIL NO. 4:10-CV-2435
 :
v. : Hon. John E. Jones III
 :
 :
WARDEN WILLIAM A. SCISM, :
 :
    Respondent :

## **MEMORANDUM**

November 1, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

    Petitioner John Jackson ("Petitioner" or "Jackson"), an inmate presently confined at the Low Security Correctional Institution Allenwood ("LSCI Allenwood") in White Deer, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus under the provisions of 28 U.S.C. § 2241.  (Doc. 1.)

    By Order dated January 11, 2011, we directed service of the Petition.  (Doc. 4.) On January 21, 2011, Jackson filed a Motion for Leave to Amend his Petition.  (Doc. 5.)  He attached his proposed amendment to his brief in support of his Motion.  (Doc. 6-1.)  We determined that Jackson's proposed amendment, in which he provides additional argument regarding this Court's jurisdiction to entertain his Petition, was

more in the nature of a supplement to the Petition, and by Order dated January 24, 2011, construed it as such, granted Jackson's Motion, and directed Respondent to address the Supplement (Doc. 6-1) in the answer to the Petition. (Doc. 7.) On February 14, 2011, Respondent filed a Response (Doc. 8), which was accompanied by supporting authority (Doc. 8-2) and exhibits (Doc. 8-3). On February 28, 2011, Jackson filed a reply brief (Doc. 9). Subsequently, Jackson filed two "letter/motions" with the Court explaining that he was attaching copies of recently issued opinions that he deemed to be relevant to his Petition. (Docs. 10, 11.)

The Petition is fully briefed and ripe for disposition. For the reasons set forth herein, the Petition will be dismissed for lack of jurisdiction.

## I.    FACTUAL BACKGROUND

On April 3, 2002, Jackson was indicted in the Western District of Virginia on one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, fifty grams or more of crack cocaine, and an unspecified quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). (Doc. 8, Response, at 5; Doc. 8-3 at 3-13, *USA v. Jackson*, Crim. No. 5:03-CR-30040.)[1] On August 12, 2003, Jackson was indicted in the Western District of Pennsylvania for possession of a

---

[1] Throughout this Memorandum, citations to page numbers of documents filed to the docket in this action are to the page numbers generated by the CM/ECF System.

firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e).  (Doc. 8 at 5; Doc. 8-3 at 14-15, *USA v. Jackson*, Crim. No. 2:03-CR-0205.)  On February 27, 2004, the Pennsylvania indictment was transferred to the Western District of Virginia pursuant to Federal Rule of Criminal Procedure 20.  (Doc. 8-3 at 15, *USA v. Jackson*, Crim. No. 2:03-CR-0205, Doc. 4.)  Following Jackson's entry of a guilty plea on both counts, on May 6, 2004, he was sentenced to a term of incarceration of 262 months for the drug count, and 180 months for the firearms count.  (Doc. 8-3 at 8, *USA v. Jackson*, Crim. No. 5:03-CR-30040, Docs. 36-37.)  The sentences were to run concurrently.  (*Id.*)

Jackson appealed his conviction and sentence, and the United States Court of Appeals for the Fourth Circuit affirmed Jackson's drug conviction, but vacated and remanded on the firearms conviction because the district court erred in not conducting a plea hearing pursuant to Federal Rule of Criminal Procedure 11.  (Doc. 8-3 at 16-18, *United States v. Jackson*, 200 Fed. Appx. 191 (4th Cir. 2006).)  On remand, Jackson again pled guilty to the firearms charge during a Rule 11 proceeding and again was sentenced to a term of incarceration of 180 months to run concurrently with the 262 month sentence for the drug count.  (*Id.* at 19-21, *United States v. Jackson*, 243 Fed. Appx. 750 (4th Cir. 2007).)  In a second appeal filed on Jackson's behalf, his counsel

filed an *Anders*[2] brief suggesting that the district court erred in applying the career offender provisions of the sentencing guidelines in a mandatory fashion in sentencing Jackson. (*Id.* at 20.) The Fourth Circuit Court of Appeals also considered Jackson's *pro se* supplemental brief raising three allegations of error in the determination of his sentence, and his second supplemental brief asserting that a pending forfeiture proceeding violated the plea agreement. (*Id.*) The Court found no meritorious issue for review, and therefore affirmed Jackson's conviction and sentence. (*Id.* at 21.)

On August 4, 2008, Jackson filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and a supporting memorandum of law. (Doc. 8-3 at 22-27, § 2255 Mot.; Doc. 8-3 at 28-49, Mem. of Law.) In his motion, Jackson claimed that the United States breached the plea agreement by subsequently instituting a forfeiture action against his property and by orally amending the plea agreement during the sentencing hearing. (*See* Doc. 8-3 at 55, *United States v. Jackson*, 2009 WL 366433, at *3 (W.D. Va. Feb. 12, 2009).) He also claimed that the sentencing court breached the plea agreement by sentencing him to a term exceeding the term stated in the plea agreement. (*See id.* at 56, *Jackson*, 2009 WL 366433, at *3.) In addition, Jackson claimed that his counsel provided ineffective assistance in several

---

[2]*Anders v. California*, 386 U.S. 738 (1967). In *Anders*, the Court held that, if counsel finds an appeal to be frivolous, counsel should advise the appeals court, seek leave to withdraw, and submit a brief referring to any portion of the record which might arguably support the appeal.

respects. First, he alleged that his counsel was ineffective for failing to inform him or the court that he was not an armed career criminal because he claimed that he would not have pled guilty had he known that fact. (*See id.* at 57, *Jackson*, 2009 WL 366433, at *4.) He next claimed that counsel was ineffective for failing to argue that the sentence imposed by the court exceeded the maximum possible sentence or that the court failed to fully advise Jackson of his term of supervised release. (*See id.*, *Jackson*, 2009 WL 366433, at *5.) Finally, Jackson claimed that his counsel was ineffective for filing an *Anders* brief instead of arguing the issues he requested on appeal. (*See id.* at 58, *Jackson*, 2009 WL 366433, at *6.) Upon review, the District Court found no merit to any of Jackson's claims and therefore granted the government's motion to dismiss Jackson's motion. (*See id.* at 59, *Jackson*, 2009 WL 366433, at *7.) Jackson appealed, and on November 18, 2009, the Fourth Circuit Court of Appeals denied a certificate of appealability. (Doc. 8 at 7 (citing *United States v. Jackson*, 351 Fed. Appx. 837 (4th Cir. 2009)).)

In the instant Petition, Jackson asserts that his prior Maryland state assault and drug convictions do not qualify as predicates for enhancement of his sentence under U.S.S.G. § 4B1.1 or 18 U.S.C. § 924(e). (Doc. 1-1 at 6, 13.) Consequently, Jackson claims that he is "actually innocent" of being a career offender under U.S.S.G. § 4B1.1 or an armed career criminal under 18 U.S.C. § 924(e). (*Id.* at 13.) In

particular, he argues that, in light of the United States Supreme Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), his prior Maryland state conviction for assault does not qualify as a "crime of violence." (*Id.* at 6, 7-8, 16-17.)  In his Supplement to his Petition, Jackson asserts that he is entitled to proceed on the instant Petition under the provisions of 28 U.S.C. § 2241 because he claims that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. (Doc. 6-1.)

## II.  DISCUSSION

The proper method for an individual convicted in federal court to challenge the validity of his federal conviction and sentence is to file a motion with the sentencing court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).  Motions filed pursuant to § 2255 are the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws, or that are otherwise subject to collateral attack.  *Davis v. United States*, 417 U.S. 333, 343 (1974); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 693 (3d Cir. 1954).

A prisoner may seek habeas relief under 28 U.S.C. § 2241 only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28

U.S.C. § 2255(e); *see also Okereke*, 307 F.3d at 120; *In re Dorsainvil*, 119 F.3d at 251.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[3] *Id.* at 539.  Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be noncriminal by a change in law.  *Okereke*, 307 F.3d at 120 (citing *In re Dorsainvil*, 119 F.3d at 251); *see also Brown v. Mendez*, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001).  If a petitioner improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction.  *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

Turning to the case at hand, Jackson does not demonstrate that his claims fall

---

[3] The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-32, 110 Stat. 1214 (codified in relevant part at 28 U.S.C. § 2255) brought the significant change that prisoners must file their § 2255 motions within one year of their conviction or within three other narrowly tailored situations, whichever is latest.  Another change is that a second or successive § 2255 motion now can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances.  28 U.S.C. § 2255; *In re Vial*, 115 F.3d 1192, 1194-95 (4th Cir. 1997); *see also Tyler v. Cain*, 533 U.S. 656, 661 (2001).

within the limited exception outlined in *Dorsainvil* such that he would be entitled to pursue relief under § 2241 rather than under § 2255. Jackson neither argues that he is actually innocent of the drug and firearm offenses to which he pled guilty in the Northern District of Virginia, nor of the offenses for which he was convicted in the State of Maryland that were relied upon to enhance the sentence that he currently is serving. Instead, he argues that he is "actually innocent" of being a career offender based on the intervening change in substantive law as set forth in *Begay* regarding the elements of a violent crime. (Doc. 1-1 at 6-7, 16-17.) The exception created in *Dorsainvil* allowing a petitioner to pursue relief under § 2241 only is applicable when a subsequent change in the law renders the conduct for which a petitioner was convicted noncriminal. *Dorsainvil*, 119 F.3d at 251-52. Thus, where an intervening change in the law relates to sentencing, and does not render the crime for which a petitioner was convicted noncriminal, as in the situation at hand, the exception in *Dorsainvil* is not available to a petitioner to allow him to pursue relief under § 2241.[4]

---

[4]In his reply brief, Jackson argues that, by solely addressing this Court's jurisdiction to hear his Petition in the Response, Respondent has waived his right to challenge the issues Jackson raises in his Petition and therefore has "conceded to" those issues. (*See* Doc. 9 at 3-4.) Jackson also suggests that a determination by this Court that he is not entitled to proceed under § 2241 because the remedy afforded under § 2255 is not inadequate or ineffective to raise his claims would result in a violation of the Suspension Clause of the United States Constitution. (*Id.* at 4-5.)

The Suspension Clause provides that, "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. However, "[i]t is . . . well established that requiring a federal prisoner to pursue post-conviction relief in the trial court under § 2255, rather than in a habeas proceeding under

(continued...)

*Okereke*, 307 F.3d at 120-21 (holding § 2255 was not inadequate or ineffective for Okereke to raise argument based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which dealt with sentencing, and thus Okereke was barred from proceeding under § 2241); *see also Sorrell v. Bledsoe*, 2011 WL 2728287, at *2 (3d Cir. Jul. 14, 2011); *Piggee v. Bledsoe,* 412 Fed. Appx. 443 (3d Cir. 2011); *Prince v. Hollingsworth*, 2009 WL 3719399, at *2 (S.D. Ill. Nov. 5, 2009) (Doc. 8-2 at 1-3); *Mackey v. United States*, 2009 WL 2407666, at *2 (S.D. Fla. Aug. 4, 2009) (finding that, to qualify for relief under "savings clause" of 2255, movant would have to establish his underlying convictions were rendered "non-existent") (Doc. 8-2 at 20-27); *Sines v. Wilner*, 2009 WL 2365406, at *3 (D. Col. Jul. 31, 2009) (Doc. 8-2 at 17-19).

Moreover, Jackson could have raised the claims he seeks to raise here on direct appeal or in a timely post-conviction motion, but he failed to do so. In particular, the United States Supreme Court's decision in *Begay* was issued on April 16, 2008, which was before Jackson filed his § 2255 motion on August 4, 2008, and thus he could have raised his arguments relating to *Begay* in that motion.[5] This failure to raise claims on

---

[4](...continued)
§ 2241, where that remedy is adequate and effective does not constitute a suspension of the writ." *United States v. Brooks*, 245 F.3d 291, 293 n.2 (3d Cir. 2001) (citing *United States v. Anselmi*, 207 F.2d 312, 314 (3d Cir. 1953)). Thus, where Jackson has not demonstrated that the remedy provided by § 2255 is inadequate or ineffective to raise his claims, his argument that our dismissal of the Petition for lack of jurisdiction would constitute a suspension of the writ is without merit.

[5]After his Petition became ripe for review, Jackson submitted two separate "letter/motions"
(continued...)

direct review or in a timely § 2255 motion does not make the remedy provided by § 2255 inadequate or ineffective.  *See Sorrell*, 2011 WL 2728287, at *2 n.4; *see also Prince*, 2009 WL 3719399, at *2 ("lack of success [on previous § 2255 motion] or even the fact that, in retrospect, an error may have been made in [a petitioner's] sentence does not show § 2255 to be 'inadequate or ineffective' as the law defines those terms.") (Doc. 8-2 at 1-3); *Sines*, 2009 WL 2365406, at *1-2 (failure to raise *Chambers* claim on direct review or in timely 2255 motion does not make remedy provided by § 2255 inadequate or ineffective) (Doc. 8-2 at 17-19).

Based on the foregoing reasoning, we lack jurisdiction to consider Jackson's

---

[5](...continued)
providing copies of additional authority that he deemed relevant to the disposition of his Petition, which we address here.  (Docs. 10, 11.)  On April 25, 2011, Jackson submitted a copy of the United States Court of Appeals for the Third Circuit's opinion in *Pollard v. Yost*, 406 Fed. Appx. 635 (3d Cir. 2011), in which the Court affirmed the District Court's dismissal of a § 2241 habeas petition for lack of jurisdiction, but also made the following observation: "we do not foreclose the possibility that *Dorsainvil* could be applied to a petitioner who can show that his or her sentence would have been lower but for a change in substantive law made after exhaustion of the petitioner's direct and collateral appeals under § 2255."  (Doc. 10.)  However, Jackson alleges that the change in substantive law applicable to his sentence resulted from *Begay*, a case that was decided *before* he even had filed his § 2255 motion, and therefore, he cannot say that this change occurred after he exhausted his direct and collateral appeals under § 2255 such that this possibility mentioned in *Yost* might apply.

On May 2, 2011, Jackson submitted a copy of the United States Court of Appeals for the Eleventh Circuit's decision in *King v. United States*, 419 Fed. Appx. 927 (11th Cir. 2011).  (Doc. 11.)  Notwithstanding the fact that this decision was issued by the Eleventh Circuit, and therefore is not binding on this Court, the issue before the Eleventh Circuit was whether the District Court had erred in denying King's § 2255 motion.  Therefore, *King* has no application in determining whether this Court has jurisdiction to entertain the instant Petition, which was filed under the provisions of 28 U.S.C. § 2241.

claims and to grant his request to vacate his sentence.  (*See* Doc. 1-1 at 28.) Therefore, we must dismiss the instant Petition for lack of jurisdiction.  An appropriate Order will enter on today's date.